520 P.2d 851

**Eva L. KIMMELL, dba Stanton Realty Company, Appellant,**

v.

**Sarah J. CLARK, a single woman, Appellee.**

**No. I CA–CIV 2351.**

Court of Appeals of Arizona,
Division 1.

April 9, 1974.

Charles A. Stanecker, Phoenix, for appellant.

Biaett & Bahde by Kenneth Biaett, Phoenix, for appellee.

## OPINION

KRUCKER, Judge.

This is an appeal from a judgment for the defendant in a suit for a real estate commission wherein Eva L. Kimmel, dba Stanton Realty Company, was plaintiff and Sarah J. Clark, defendant. The plaintiff, a real estate broker, claimed she was entitled to recover a commission after having produced a ready, willing and able buyer to purchase a home on the exact terms of the listing contract.

Mrs. Clark, a single woman, signed an exclusive listing for three months with Stanton Realty. They produced one buyer, who was not satisfactory because he wanted the stove included in the purchase of the house, which was not acceptable to Mrs. Clark, and which had not been included in the listing. Stanton Realty then produced another buyer, Mr. and Mrs. Potter, who agreed to purchase the property at the listed price and deposited a $1,000 check. The record reveals that Mr. and Mrs. Potter were "strawmen" in this sale and were the son and daughter-in-law of the plaintiff-broker.

The record clearly shows there was no disclosure that the prospective buyers were relatives. It is the rule that a broker employed to sell property may not, without the principal's full knowledge and consent, become the purchaser. A real estate broker, arranging for a sale to a close relative, is under a fiduciary duty to disclose the relationship to the principal. *See* Curotto v. Hammack, 362 Mo. 457, 241 S.W.2d 897 (1951). This is the majority view, as indicated in the annotation in 26 A.L.R.2d 1302, et seq. *See also*, Smith v. Zak, 20 Cal.App.3d 785, 98 Cal.Rptr. 242 (1971).

Although the trial judge's reasons for his decisions were on a different basis, a fiduciary relationship existed and had been breached by the failure of the realty company to disclose to Mrs. Clark that the sale was being made to a close relative. We hold that there was a breach of the fiduciary relationship and the trial court correctly ruled in favor of the defendant.

Judgment affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).